UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE FRENCH,<br><br>    Plaintiff,<br><br>v.<br><br>M. WALLAHAN, et al.,<br><br>    Defendants. | Case No. 21-cv-09446-SI<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Before the Court is a motion to dismiss filed by defendants L. Brabec, J. Mills, and M. Wallahan pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 9 (filed on December 16, 2021). Because plaintiff's complaint fails to allege a plausible basis for relief, the Court **GRANTS** the motion and dismisses the complaint with leave to amend on or before February 18, 2022. The hearing scheduled for February 4, 2022 is hereby **VACATED** pursuant to Civil Local Rule 7-1(b), as oral argument is not required to resolve this matter.

**BACKGROUND[1]**

Jade French states that while being held as a pretrial detainee at the Lake County Jail, he was "deprived of [his] liberty, freedom and almost [his] life." Dkt. No. 1 at 6 (Complaint and Notice of Removal). On the morning of December 7, 2020, plaintiff awoke in his cell to the sound of "roof torching" work being done overhead. *Id.* ("Roof torching" usually entails waterproofing a roof by adhering bitumen membranes onto the surface with a propane torch). Plaintiff soon noticed noxious fumes from the roofing activities enter his cell through ventilation ducts, resulting in a burning

---

[1] The following facts are derived from plaintiff's complaint, Dkt. No. 1, which, for the purposes of the motion, the Court accepts as true.

sensation in his nose, lungs, eyes, and throat. *Id*. At that time, fearing "the possibility of a fire," plaintiff alerted nearby jailhouse guards, who assured him that everything "was ok" as "they were just doing roof work." Plaintiff then stuffed toilet paper into the vents to block further exposure. *Id*. One of the guards walked up to plaintiff's cell to ask why he was stuffing toilet paper in the vents; plaintiff informed her that he was "defending" himself. *Id*. at 7.

A few hours later, plaintiff's girlfriend arrived to bail him out on bond. *Id*. While waiting for plaintiff's release to be processed, plaintiff's girlfriend observed roofers working directly above plaintiff's cell for several hours. *Id*. The next day, after being released, plaintiff went to an emergency room as his "lungs were damaged and [he] felt badly…[and] lost [his] voice for a week afterwards." *Id*. at 9. As plaintiff puts it, he was "subjected to noxious, carcinogenic lethal gasses in a small very confined area," and he "warned everyone and nobody did anything to assure [his] safety." *Id*. at 7.

Appearing *pro se* in October 2021, plaintiff filed suit in the County of Lake Superior Court against defendants L. Brabec, J. Mills, and M. Wallahan – the alleged jailhouse guards who were present on December 7, 2020. Plaintiff's claims are based on the Eighth Amendment (inhumane conditions), the Fourteenth Amendment (due process and equal protection), and state tort law (intentional infliction of emotional distress).

Because plaintiff alleged federal claims against state actors under 28 U.S.C. § 1983, defendants removed the case to this Court on December 7, 2021.[2] Defendants filed the instant motion to dismiss on December 17, 2021. Dkt. No. 9. Plaintiff failed to file an opposition to the motion to dismiss by December 30, 2021, the deadline set by the Court, and has not filed a response as of this date.

## LEGAL STANDARD

To survive a motion to dismiss under 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] The Court has supplemental jurisdiction over the state law tort claims, which are based on the same facts giving rise to the federal claims. 28 U.S.C. § 1367.

1  (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. A court must accept as true all factual allegations in a complaint but need not accept as true "threadbare recitals" of a claim's legal elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even *pro se* plaintiffs must satisfy the plausibility standard, *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), although the court shall "construe the pleadings liberally and [] afford the [pro se plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*).

**DISCUSSION**

**I.   Eighth Amendment Claim**

While convicted inmates may assert claims under the Eighth and Fourteenth Amendments, pretrial detainees generally can only assert claims under the Fourteenth Amendment. *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by *Perez v. Cox*, 788 F. App'x 438, 442 (9th Cir. 2019) ("while the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees."). The complaint indicates plaintiff was a pretrial detainee. Dkt. No. 1 at 7 (stating that his girlfriend came to bail him "out with the bail bondsman."). Accordingly, plaintiff may not assert an Eighth Amendment violation.

Even if the Eighth Amendment were available, a claim for inhumane conditions of confinement requires a detainee to establish that a prison official actually "knows of and disregards an excessive risk to inmate health or safety." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Plaintiff does not allege facts that render such subjective knowledge plausible.

**II.   Fourteenth Amendment Due Process Claim**

A prison official may be held liable under the Fourteenth Amendment's due process clause

when a failure to protect a detainee from harm "constitutes deliberate indifference to their safety." *Redman*, 942 F.2d 1435 at 1441. A "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that negligent actions or omissions are not actionable under § 1983). Accordingly, to sufficiently allege a failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee's complaint must plausibly allege each of the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (ii) those conditions put the plaintiff at substantial risk of suffering serious harm;
> (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Plaintiff's complaint fails to plausibly allege the first of these elements. While it is plausible that the jail intentionally hired roofers to work overhead, the complaint does not contain any facts suggesting that defendants intentionally hired roofers *for the purpose* of subjecting plaintiff to the conditions leading to the asserted injury. At best, the complaint suggests a lack of due care. For example, the fact that plaintiff alerted of the guards of the fumes and a guard inquired why plaintiff was stuffing toilet paper into the vents suggests only negligent omissions by defendants. Because plaintiff fails to plead facts rendering plausible an essential element of the due process claim, the Court need not reach the remaining elements.

### III. Equal Protection Claim

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). The complaint fails to plead plaintiff's membership in a protected class or that defendants acted with the intent to discriminate against him based on such membership.

4

Accordingly, plaintiff fails to state an equal protection claim.

### IV. Intentional Infliction of Emotional Distress[3]

Under California law, a plaintiff alleging intentional infliction of emotional distress must plausibly establish the following elements: (i) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (ii) the plaintiff's suffering severe or extreme emotional distress; and (iii) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). As explained previously, the complaint fails to allege that defendants intentionally caused the emotional harm asserted in the complaint.

### CONCLUSION

The Court hereby **GRANTS** the motion to dismiss for failure to state a claim. Dismissal is with leave to amend to afford plaintiff an opportunity to cure the deficiencies identified in this Order. **Any amended complaint must be filed no later than February 18, 2022.**

**IT IS SO ORDERED**.

Dated: February 1, 2022

_____
SUSAN ILLSTON
United States District Judge

---

[3] Defendant's motion also asserts that plaintiff's failure to properly present his tort claims to the public entity pursuant to California Government Code section 911.2 requires dismissal. The complaint, however, only names individual employees—not a public entity. "Except as otherwise provided…, a claim need not be presented as a prerequisite to the maintenance of an action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee." Cal. Gov. Code § 950. But because plaintiff's tort claim fails on the merits, the Court need not resolve whether California's claim presentation requirements apply.